IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP - 3 2004

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

LARRY THOMAS                                                PLAINTIFF

v.   This case assigned to District Judge Eisele
     and to Magistrate Judge Cavaneau            NO. 3:04cv309 GTE

VINCENT BAZILE, J. B. HAUER AND                             DEFENDANTS
UNION PACIFIC RAILROAD COMPANY

COMPLAINT

Comes Larry Thomas, by and through his undersigned lawyers, Rieves, Rubens & Mayton, and for his complaint, alleges and states as follows:

1. Plaintiff is Larry Thomas, a resident and citizen of Wynne, Arkansas.

2. Vincent Bazile and J. B. Hauer (the "individual defendants") are residents of the State of Arkansas. The Union Pacific Railroad Company is a foreign corporation authorized to do business in the state of Arkansas.

3. This action is brought pursuant to 42 U.S.C. §§ 1983 et seq. and the First, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution. This court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1341 and the aforementioned constitutional and statutory provisions.

4. The individual defendants were at all times relevant employees of the Union Pacific Railroad and were duly authorized and acting under color of law.

5. This court has jurisdiction over each of the defendants in this action, and venue is proper in this district.

6. The individual defendants unlawfully procured the arrest and detention of plaintiff when the facts known to them would have caused any reasonable law enforcement officer not to seek his arrest. In furtherance of their illegal arrest and their denial of the civil rights of plaintiff, they conducted a search of plaintiff's home in Wynne, Arkansas in excess of that authorized by the warrant. They continued the harm caused by their acts by causing plaintiff to be detained and without his liberty for approximately four hours.

7. Defendants knew or should have known that plaintiff had committed no crime but pursued his arrest and detention for the purpose of promoting the economic interests of the Union Pacific. As officers of the law, they are not permitted to do the bidding of one person or entity, but in truth and in fact they are paid by the Union Pacific, and their allegiance is to the Union Pacific and not law enforcement.

8. The individual defendants caused the arrest of plaintiff based upon their not disclosing to the state judge all facts known to them which would have caused a reasonable magistrate not to issue a search warrant and warrant for

arrest as well as causing a reasonable prosecutor not to seek a warrant for arrest or a search warrant.

9. Plaintiff was falsely accused of theft, and he had to hire lawyers to defend him in Marion, Arkansas.

10. The prosecution dismissed the charges against plaintiff and the time for refiling them passed on July 18, 2003. Thus as a matter of law, no charges growing out of the false arrest and detention of plaintiff can now be brought in any court in Arkansas.

11. Plaintiff has suffered damages as a result of the deprivation of his rights including, but not limited to, the loss of his job, loss of income, mental anguish, legal fees for defending the false and spurious charges, and other damages.

12. Union Pacific is aware that these police do its bidding rather than obeying well settled principles of law and is consciously indifferent to the constitutional harm caused by these individual defendants.

13. Union Pacific was negligent in the hiring and supervision of these individual defendants.

14. Union Pacific is vicariously liable for the acts of these individual defendants.

15. A jury should be impaneled to hear and determine all issues of fact triable to a jury.

16. The acts of the individual defendants call for the imposition of punitive damages against all defendants.

WHEREFORE PREMISES CONSIDERED, PLAINTIFF PRAYS:

1. For judgment against all defendants, jointly and severally, for compensatory and punitive damages in an undetermined amount but in excess of the minimum limits for federal diversity jurisdiction.

2. For trial by jury.

3. For all other relief to which he may be entitled.

Respectfully submitted,

REEVES, RUBENS & MAYTON

*[signature]*

Kent J. Rubens (71067)
P. O. Box 1359
West Memphis, AR 72303
870-735-3420